PER CURIAM:
 

 The present appeal arises out of the filing of a complaint against Clayton R. Whittle-sey, Kenneth Patrick Whittlesey, and Ralph Louis Whittlesey. The three appellants were all officers and directors of Whittlesey Brothers, Inc. The appellants’ company had purchased two hundred pieces of treated pine lumber from appellee Weyerhauser with a check in the amount of $3,734.40. Following a disallowance of the check by the bank and the bankruptcy of appellants, Weyerhauser filed a complaint to determine nondischargeability of debt and for judgment. Because each appellant was given a separate bankruptcy docket number, Wey-erhauser filed its complaint against each appellant, but each complaint was identical, listing the three appellants jointly as defendants. Weyerhauser also filed Requests for Admission of Facts and interrogatories. A summons and notice of a pre-trial conference were also delivered to appellants. The appellants failed to respond to any of Wey-erhauser’s pleadings or summons, although the two parties apparently conferenced privately on pretrial orders.
 

 At a pretrial conference, Weyerhauser filed a Request for Judgment against the appellants in each action, which was granted the same day by the bankruptcy judge. The bankruptcy judge awarded judgment in favor of Weyerhauser and against Clayton Whittlesey in the amount of $10,760.23, against Kenneth Whittlesey in the amount of $10,760.23 and against Ralph Whittlesey in the amount of $9,760.23. Each judgment was to accrue interest at the rate of nine percent per annum. If an appeal was taken, Weyerhauser was awarded $2000 in each action for attorney’s fees.
 

 Following the bankruptcy judge’s decision, the appellants filed their answers and cross-claims with supporting affidavits explaining their reasons for their failure to file. Basically, the appellants argued that they had been waiting for the transcription of a bankruptcy hearing which had occurred a few months earlier in this same case. The appellants argued that they had believed that Weyerhauser was also waiting for the transcript and, thus, the former was justified in ignoring the deadline for responding to the various pleadings of Weyer-hauser. The appellants also filed Motions for New Trial and to Vacate Judgments. The appellants’ motions were denied by the bankruptcy judge. About a month later, the bankruptcy judge filed his Findings of Fact and Conclusions of Law. In its finding, the bankruptcy judge somewhat clarified its award of judgment by stating that in each case $2,500 was earmarked for attorney’s fees in the bankruptcy proceedings, and exemplary damages of $4,000 were awarded against Kenneth and Clayton
 
 *741
 
 Whittlesey and $3,000 against Ralph Whitt-lesey. On appeal to the district court, the three cases were consolidated. The district court subsequently affirmed the judgment of the bankruptcy judge.
 

 The appellants now contend on appeal to this court that the default judgments should have been set aside for excusable neglect and for procedural and substantive errors in the bankruptcy proceedings. The appellants also contend that the awards in this case are excessive and that the failure to set aside the default judgments constituted a denial of due process.
 

 Rule 712 of the Rules of Bankruptcy Procedure requires that a defendant serve his answer within thirty days after the issuance of the summons. Rule 736 concerning requests for admission follows the guidelines of Rule 36 of the Federal Rules of Civil Procedure. Rule 733 regarding interrogatories adheres to Rule 33 of the Federal Rules of Civil Procedure. Rule 36 of the Federal Rules of Civil Procedure provides that a matter is admitted unless the requested party answers or objects within thirty days after the service of the request, but a defendant is not required to respond until forty-five days have elapsed from the service of the summons and complaint upon him. Rule 33 of the Federal Rules provides identical time periods for responding to interrogatories.
 

 In the present case, the complaint was filed on June 25, 1979. Requests for admission and interrogatories were filed on July 13, 1979. The Request for Judgment and judgment were entered on September 6, 1979. Clearly, the appellants had failed to respond as required by the Rules of Bankruptcy Procedure. Rule 755 of the Rules of Bankruptcy Procedure allows the entry of a default judgment when a party has without sufficient excuse failed to plead or otherwise defend. R.Bankr.P. 755(a)(1).
 
 [1]
 
 The district court, through a bankruptcy judge, has wide discretion in entering a default judgment.
 
 See Mason v. Lister,
 
 562 F.2d 343, 345 (5th Cir. 1977). Considering the evidence before the bankruptcy judge at the time of the hearing, he was clearly within his powers under the rule to enter default judgment.
 
 [2]
 

 Having determined that there was no abuse of discretion in the bankruptcy judge’s entry of default judgment nor in the district court’s affirmance thereof, we now turn to the denial of the Motion for New Trial and to Vacate Judgment. Again, a denial of a motion to set aside a default judgment by a district court, affirming a decision of the bankruptcy court, will not be reversed unless there is an abuse of discretion.
 
 See Ben Sager Chemicals International v. E. Targosz & Co.,
 
 560 F.2d 805, 809 (7th Cir. 1977);
 
 McGrady v. D’Andrea Electric, Inc.,
 
 434 F.2d 1000, 1001 (5th Cir. 1970). The appellants presented the bankruptcy judge with affidavits and evidence which had not been before him when he entered his default judgment. These affidavits state that the check was mistakenly written on a different account and
 
 *742
 
 that counsel for appellants had not filed any pleadings due to an agreement with counsel for Weyerhauser that both sides would wait until they obtained the allegedly necessary transcript. Weyerhauser denies that there was ever such an agreement, and this court is unable to find any evidence of the existence of one.
 

 Rule 924 of the Rules of Bankruptcy Procedure provides for relief from judgment as allowed in Rule 60 of the Federal Rules of Civil Procedure. Rule 60(b) permits a court to relieve a party of judgment for, among other reasons, excusable neglect. In the present case, however, the evidence reveals no basis for appellants’ argument of excusable neglect. This court can find no agreement between the parties to defer the filing of pleadings, and, even so, a party should not rely upon any such agreement to avoid the deadlines of the rules, which contain no provision for such agreements. Additionally, this court has examined the transcript which the appellants contend was necessary for the drafting of their responses. Having reviewed that transcript, the court finds nothing so extraordinary that appellants could not have filed pleadings without the transcript being available to them. A party seeking to establish the existence of excusable neglect is required to plead and prove such a position.
 
 See In Re Stone,
 
 588 F.2d 1316, 1319 (10th Cir. 1978). In light of the evidence in this case, this court finds no abuse of discretion in the bankruptcy judge’s determination that there was no adequate showing of excusable neglect and in his denial of the Motion for New Trial and to Vacate Judgment.
 

 Although we find no error in the bankruptcy judge’s decision to enter a default judgment nor in the district court’s affirmance thereof, this court is perplexed by the award of damages. Weyerhauser’s proof of claim amounted to $4,198.31. Weyerhauser’s action was initiated due to the insufficiency of funds necessary to cover a check in the amount of $3,734.43. Although each appellant had a separate bankruptcy docket number, Weyerhauser’s com-plaint was filed against all three appellants jointly. It was only subsequently that in its Request for Judgment, Weyerhauser sought separate judgments against the appellants. The bankruptcy judge then entered separate default judgments. The district court consolidated the cases but let stand the separate judgments against each appellant. In the instant case, the appellants were jointly and severally liable on one check as officers and directors of their company. There were not three checks involved here nor three separate acts by appellants. Although a party may not challenge the fact-findings of a default judgment which are based upon well pleaded allegations,
 
 Nishimatsu Construction Co., Ltd. v. Houston National Bank,
 
 515 F.2d 1200, 1206 (5th Cir. 1975), a judgment is not binding if the claims are not well pleaded.
 
 Danning v. Lavine,
 
 572 F.2d 1386, 1388 (9th Cir. 1978);
 
 Nishimatsu Construction Co. v. Houston National Bank,
 
 515 F.2d at 1206. In the present case, the complaint was filed against the three appellants as a group. The decision to enter judgment separately against each appellant is not supported by the allegations in the complaint and cannot stand.
 

 This court finds no error in the bankruptcy judge’s determination that interest, exemplary damages and attorney’s fees are includable in the judgment, but the decision to stack the damages as was done in this case is error. On this point alone, therefore, the decision of the court below is reversed. The case will be remanded for the sole purpose of allowing the district court, through the bankruptcy judge, to enter an award of judgment against the appellants as jointly and severally liable on the basis of one, not three, bad cheeks. The court below will also be required to specifically delineate the exact amounts of the damages and fees awarded in its judgment. The court finds the appellants’ other challenges to be totally without merit.
 

 AFFIRMED IN PART; REVERSED IN PART and REMANDED.
 

 [1]
 

 . Appellant contends that Rule 755(a)(2) applies in this case. That provision of Rule 755 allows an entry of default judgment when a party has filed a pleading or motion yet is unprepared to proceed with trial on the day set for trial. Under this provision, the appellants contend that since the trial date was not yet set, default judgment cannot be entered. The appellants’ argument collapses because of the patent inapplicability of Rule 755(a)(2). The appellants filed no pleadings or motions until after the entry of default judgment. Thus, the applicable provision is Rule 755(a)(1), which allows default judgment to issue if no pleading has been filed or defense made without sufficient excuse therefore.
 

 [2]
 

 . The appellants also contend that they had a right to notice of the entry of default judgment prior to the hearing. The appellants refer the court to Rule 55 of the Federal Rules of Civil Procedure which requires that before an entry of judgment by a court, the party against whom the judgment is sought must be served with written notice of the application for judgment at least three days prior to the hearing. The Bankruptcy Rules Advisory Committee’s note to Rule 755 of the Bankruptcy Rules of Procedure, however, explicitly states that the above requirement in Rule 55 has “been eliminated from the Bankruptcy Rule as inappropriate and unnecessary in adversary proceedings.” Thus, no notice was necessary for the bankruptcy judge to enter default judgment.