**In re Richard E. HANCOCK, a/k/a Dick Hancock, Debtor.**

**Janet ELLIOT, Plaintiff,**

v.

**Richard E. HANCOCK, Defendant.**

**Bankruptcy No. 92–4263–BKC–3P7. Adv. No. 92–21455.**

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

Oct. 27, 1993.

Herbert M. Webb, III, Gainesville, FL, for plaintiff.

John Moxley, Ocala, FL, for defendant.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This adversary proceeding is before the Court upon defendant's motion to set aside default judgment of February 22, 1993. The Court held a hearing on August 4, 1993, and upon the evidence presented enters the following findings of fact and conclusions of law:

### FINDINGS OF FACT

In November, 1982, Plaintiff purchased from defendant a thirty-two percent (32%) interest in a horse ("Melanija") and her foal. One year later, defendant reported to plaintiff that he had sold the horse for $125,000.00 and paid plaintiff $36,000.00 for her share.

Plaintiff then reinvested the $36,000.00 to purchase one-third (⅓) of defendant's one-third (⅓) interest in another horse, "Katerina the Great". Approximately thirteen months later, defendant informed plaintiff that her interest in the sale of "Katerina the Great" was $36,000.00. Defendant executed a promissory note payable to plaintiff for 39,900.00; plaintiff's ⅑ share plus interest. Defendant has defaulted on the note.

Defendant attended the meeting of creditors held pursuant to 11 U.S.C. § 341 on August 28, 1992. At the meeting, defendant answered questions posed by plaintiff's counsel and agreed to provide plaintiff with certain documents. On September 23, 1992, defendant provided plaintiff with the requested documents.

Plaintiff filed her complaint on October 27, 1992, alleging that defendant sold Melanija for $200,000.00, not $125,000.00 as he reported to plaintiff, thus depriving her of $23,-200.00, the difference between the amount due on her interest on a sale for $125,000.00 and that due on a sale for $200,000.00. Plaintiff alleges that defendant's action was fraudulent because the note and the letter informing plaintiff of the sales price for Melanija were materially false representations of defendant's financial condition, made with the intent that plaintiff rely on them and that plaintiff did reasonably rely on these representations. Plaintiff also alleges that defendant's failure to pay plaintiff on the note is an embezzlement of her funds. Plaintiff seeks to except these debts from defendant's discharge pursuant to § 523(a)(2) and (4).

On November 5, 1992, defendant was served by regular first-class mail at his regular place of abode as provided in Federal Rule of Bankruptcy Procedure 7004(b)(1). Defendant did not answer the complaint.

Plaintiff filed a motion for default on January 15, 1993, and sought judgment. On January 27, 1993, the Clerk entered a default against defendant pursuant to Federal Rule of Bankruptcy Procedure 9055(a). On February 22, 1993, the Court granted plaintiff's motion for judgment by default and entered a default judgment in the amount of $112,-052.00, plus costs and interest. The motion for judgment and the default judgment were granted without hearing.

By letter dated February 2, 1993, counsel for the defendant provided plaintiff with a copy of defendant's answer, answers to plaintiff's request for admission and response to request to produce. In that letter counsel for defendant states that defendant had not given him "final ok" on the documents and so they had not been filed with the Court prior to plaintiff's filing ·her motion for default. The following day, the parties held a meeting where defendant answered questions, identified documents and provided documents to plaintiff.

Defendant has not filed an answer, but on March 19, 1993, filed a motion to set aside the judgment by default.

### CONCLUSIONS OF LAW

Defendant seeks relief from the entry of default pursuant to Federal Rule of Civil Procedure 55(c) and relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(1)[1]. Rule 55(c) states in pertinent part:

---

1. Federal Rules of Bankruptcy Procedure 7055 and 9024 make Federal Rules of Civil Procedure 55 and 60 applicable in bankruptcy.

(c) Setting aside Default. For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).

Rule 60(b) states in pertinent part:

Relief from Judgment or Order

(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect. . . .

Defendant argues that his failure to answer was the result of excusable neglect and thus the default and default judgment should be set aside. Predictably, plaintiff responds that defendant's failure to answer is not the result of excusable neglect and the judgment should not be disturbed.

■■■ Whether a default judgment should be set aside is left to the discretion of the Court. *McGrady v. D'Andrea Electric,* 434 F.2d 1000 (5th Cir.1970). This discretion is not unbounded; the Court must consider the competing policies of favoring judgments on the merits and the desirability of finality in the judicial process in deciding whether a judgment should be set aside. *Seven Elves, Inc. v. Eskenazi,* 635 F.2d 396 (5th Cir.1981); *appeal after remand,* 704 F.2d 241 (5th Cir. 1983).

■■ In the Eleventh Circuit, two factors must be present for a judgment to be properly set aside. First, defendant must show there is a meritorious defense, which could change the outcome of the case if proven. Second, defendant must show good cause for failing to answer the complaint and that plaintiff will not be prejudiced by the setting aside of the judgment. *McGrady v. D'Andrea Electric,* 434 F.2d 1000 (5th Cir.1970); *Gulf Coast Fans, Inc. v. Midwest Electronics Importers, Inc.,* 740 F.2d 1499 (11th Cir. 1984).

**2.** Contrary to defendant's contention, the evidentiary standard for proving fraud is by the preponderance of the evidence and not clear and con-

## Meritorious Defense

■■ In showing that a meritorious defense exists defendant must make an affirmative showing that the defense would likely be successful. *Solaroll Shade and Shutter v. Bio-Energy Systems,* 803 F.2d 1130 (11th Cir.1986). This requires defendant present facts that if proven would show that the entry of the default judgment created an injustice. *Moldwood Corp. v. A.B. Stutts,* 410 F.2d 351, 352 (5th Cir.1969).

■■■ Defendant states, in his motion to set aside, that the offer to buy Melanija for $200,000.00 occurred prior to plaintiff's buying her interest in the horse and that it was only after the sale was not consummated that plaintiff purchased her interest. Defendant also states that when he did sell Melanija the price was $125,000.00. Defendant acknowledges that he received some money in the first transaction but, because this occurred prior to plaintiff's buying a 32% share of the sales price, it is irrelevant to the amount due plaintiff.

Defendant has stated facts sufficient to show a meritorious defense. If defendant is able to prove[2] the two transactions were separate and the initial offer predated plaintiff's interest in the property, then it is likely the outcome of the case would change. This is all that is required to show a meritorious defense in a motion to set aside a default judgment.

Defendant does not address the second or third count of the complaint that he provided misleading financial information or embezzled funds. Because defendant has failed to make any showing with respect to this portion of the complaint, the $63,666.37 portion of the judgment should not be set aside. However, because defendant has made a sufficient showing of a meritorious defense, with regard to the sale of Melanija, the Court will now consider whether defendant had good cause for failing to answer plaintiff's complaint.

vincing evidence. *Wieczoreck v. H & H Builders, Inc.,* 475 So.2d 227 (Fla.1985).

### Good Cause

■ Defendant states that his failure to answer was the result of excusable neglect because he failed to deliver the complaint to an attorney until after the time to answer had expired and that he did not have the money to pay an attorney. Defendant states that he received the complaint on November 15, 1992. Pursuant to Federal Rule of Bankruptcy Procedure 7012, defendant had 30 days from the mailing date of November 5, 1992, to answer. Defendant has never filed an answer.

Defendant relies on the case of *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396 (5th Cir.1981), to support his argument that his failure to provide his attorney sufficient time to answer the complaint is excusable neglect as provided by Rule 9024. In *Seven Elves*, the Fifth Circuit found the "confluence of a number of unusual circumstances" in conjunction with defendant's showing of a meritorious defense warranted setting aside of the default judgment entered against defendants. *Id.* at 403. In *Seven Elves* one of the defendants fired their attorney without the knowledge of the others. Defendants did not receive notice of the trial date and their attorney failed to appear at the trial even after the Court informed him that he must receive leave of Court to withdraw from the case. In contrast, in this proceeding, defendant failed to react timely to plaintiff's complaint. The Court finds that the circumstances in *Seven Elves* are distinguishable and that the circumstances here are not such that justice requires setting aside the default judgment.

■ In addition, defendant relies on cases from the First, Third and Sixth Circuits in arguing that defendant's conduct was not willful or culpable so the judgment must be set aside. *See, eg: United Coin Co. v. Seaboard Coastline R.R.*, 705 F.2d 839 (6th Cir. 1983); *Coon v. Grenier*, 867 F.2d 73 (1st Cir.1989); *Zawadski de Bueno v. Bueno–Castgro*, 822 F.2d 416 (3rd Cir.1987). Unlike the First, Third and Sixth Circuits, the Eleventh Circuit does not require culpable or willful conduct on the part of the defendant to deny a motion to set aside a default. *See, Gibbs v. Air Canada*, 810 F.2d 1529 (11th Cir.1987); *In re Knight*, 833 F.2d 1514 (11th Cir.1987).

In *Gibbs* the Eleventh Circuit held that the failure to answer because the complaint was lost by a mail clerk is insufficient reason to set aside a default judgment because the failure to establish minimum procedural safeguards for responding to complaints is not excusable neglect. And in *In re Knight*, the Court upheld the district court's denial of a motion to set aside a default where defendant filed his answer on the day after the default was entered because his attorney was relying on the other party not to move for default and from oversight. The Court said "[w]here a party offers no good reason for the late filing of its answer, entry of default judgment against that party is appropriate." 833 F.2d 1515, 1516 (11th Cir.1987). These cases make it clear that in the Eleventh Circuit culpable conduct on the part of the defendant is not a requirement for denying a motion to set aside a default judgment. Thus the cases defendant relies upon are not persuasive.

■ In addition, after hearing defendant's testimony, the Court finds that defendant's ability to pay an attorney was more closely related to his willingness to do so than his ability to pay. Defendant's testimony indicated that he thought the matter could be settled and did not wish to pay an attorney if the case would settle. Defendant's unwillingness to pay for an attorney is not good cause and does not qualify as excusable neglect pursuant to 9024 and 60(b)(1). This is particularly true because defendant is a non-practicing attorney capable of answering the complaint as a pro se defendant.

Defendant has not shown good cause for his failure to answer the complaint, thus it is unnecessary for the Court to address possible prejudice to plaintiff if the judgment were set aside.

### Conclusion

Defendant failed to show a meritorious defense with regard to plaintiff's embezzlement allegation, thus the note portion of the judgment will not be set aside. The Court finds that defendant made a sufficient show-

682

ing of a meritorious defense to warrant the examination of whether good cause exists for defendant's failure to answer or otherwise plead as to plaintiff's allegation of fraudulently depriving her of $23,200.00 on the sale of Melanija. The Court finds that defendant has not shown good cause for his failure to answer. Accordingly, defendant's motion to set aside default judgment will be denied, and the Court will enter a separate order consistent with these findings of fact and conclusions of law.