Saloman WEINGARTEN,
et al., Appellants,

v.

Samuel C. CAMPAGNA, Jr., Appellee.

In re Saloman WEINGARTEN, Debtor.

No. 94–880–CIV–T–17.

Bankruptcy No. 91–8558–8B7.

United States District Court,
M.D. Florida,
Tampa Division.

Feb. 28, 1995.

Thomas Clayton Little, Thomas C. Little, P.A., Clearwater, FL, for appellants.

Mark Edward Becker, Law Office of Mark E. Becker, Clearwater, FL, for appellee.

## ORDER ON MOTIONS

KOVACHEVICH, District Judge.

This cause is before the Court on appeal from the Bankruptcy Court's order entered on February 28, 1994, which granted Samuel C. Campagna's (Plaintiff–Appellee's) motion for entry of default judgment against the Saloman Weingarten, Debtor–Appellant, and denied the debtor a discharge under Section 727 of the Bankruptcy Code. Appellant–Debtor contends that the Bankruptcy Court erred in granting default judgment against him based on his failure to provide a responsive answer to Count Four of Plaintiff–Appellee's fourth amended complaint, despite an order from the Bankruptcy Court requiring him to provide such an answer by the date set by the Court.

### PROCEDURAL BACKGROUND

On August 27, 1992, Appellee filed a Fourth Amended Complaint before the Bankruptcy Court, consisting of four (4) counts seeking to deny Appellant's discharge in bankruptcy. Appellant filed an answer to Counts One, Two, and Three on September 22, 1992; and further, responded to Count Four, which consisted of paragraphs 26 through 29, as follows:

26. Defendant realleges his answers to 1–24.

27. Motion to Dismiss filed.

28. Motion to Dismiss filed.

29. Motion to Dismiss filed.

On October 7, 1992 a hearing on the Appellant's Motion to Dismiss was held, and the Court orally denied the Motion to Dismiss and ordered Appellant to answer the Fourth Amended Complaint on or before November 2, 1992. Although this ruling was pronounced orally on October 7, 1992, a written order was not entered until November 3, 1992.

On October 19, 1992, Counsel for the Appellant filed a Motion to Withdraw. The Court granted this motion at a hearing on November 9, 1992, and provided that the Debtor had until December 2, 1992 to obtain new counsel, or he would be deemed to be proceeding *pro se.* The Court also ordered the Debtor to respond to any outstanding discovery requests. New counsel for Debtor did not enter a Notice of Appearance until February 4, 1993.

Although the Debtor's attorney filed answers to Counts One, Two and Three of the Fourth Amended Complaint, no answer to Count Four was filed within the five (5) week period granted by the Court for the Appellant to provide such answer. In fact, no answer was filed prior to the Order granting counsel's withdrawal entered November 30, 1992, nor did the debtor file a *pro se* answer to the complaint. Neither Plaintiff nor his counsel ever sought an extension of time to respond as ordered.

Appellee filed a Motion for Entry of Default Final Judgment on December 18, 1992, and a Motion for Default on January 11, 1992. Default was entered by the clerk on January 13, 1993. Appellant, by his new counsel, filed an amended answer on January 26, 1993, and a Second Amended Answer on February 2, 1993, both answers were filed subsequent to the entry of default, which was corrected to be default only on Count Four.

The first Motion for Entry of Default Judgment was denied by the Court on March 3, 1993, and the Court vacated the Default entered by the Clerk and amended the default to reflect that the default was entered against the Appellant only with respect to Count Four insofar as the Defendant failed to answer the Count by the November 2, 1992 date set by the Court.

A renewed Motion for Entry of Default Judgment was denied on April 8, 1993 for Appellee's failure to file an affidavit in support of the allegations set forth in the complaint. On April 19, 1993, the Court denied the debtor's Motion for Reconsideration of the Order defaulting the Appellant on Count Four, and on June 1, 1993 the debtor filed a Motion to Vacate the Default. On September 21, 1993, the Court denied the debtor's Motion to Vacate the Default.

On December 20, 1993, Appellee again filed a Motion for Entry of Default Final Judgment along with an affidavit, to which Appellant objected. On February 28, 1994, the Court granted Default Final Judgment in favor of Appellee and denied the debtor a discharge under section 727 of the Bankruptcy Code.

## STANDARD OF REVIEW

■ Whether a default judgment should be set aside is left to the discretion of the court. *Whittlesey v. Weyerhauser Company,* 640 F.2d 739 (5th Cir.1981). However, this discretion is not absolute; the court must consider the competing policies of favoring judgment on the merits against the desirability of finality in the judicial process when determining whether a judgment should be set aside. *In re Hancock,* 160 B.R. 677, 681 (Bkrtcy.M.D.Fla.1993). In addition, in order to set aside the judgment, the particular equities of the case must weigh in favor of vacating the default. *Boron v. West Texas Exports, Inc.,* 680 F.Supp. 1532 (S.D.Fla. 1988). This Court notes that because of the strong policy of determining cases on their merits, defaults are disfavored. *Gulf Coast Fans, Inc. v. Midwest Electronics Importers, Inc.,* 740 F.2d 1499 (11th Cir.1984).

■ When reviewing the entry of a default judgment, deference should be given to the decision of the trial judge, who is the person most familiar with the circumstances of the case and is in the best position to evaluate the good faith and credibility of the parties. *Frank Keevan & Sons v. Callier Steel Pipe &*

*Tube, Inc.,* 107 F.R.D. 665 (S.D.Fla.1985). The findings of fact of the Bankruptcy Court will not be set aside unless they are clearly erroneous. Bankruptcy Rule 8013.

■ Unlike in other circuits, the Eleventh Circuit does not require culpable or willful conduct on the part of the defendant to deny a motion to set aside default.[1] *In re Hancock* at 681. Instead, where a party offers no good reason for the late filing of an answer, entry of default is appropriate, and it would be an abuse of discretion to set aside a default judgment where no good reason has been offered for the default. *Gower v. Knight,* 833 F.2d 1515 (11th Cir.1987).

### DISCUSSION

This Court acknowledges that the law favors the determination of cases based on the merits, as opposed to the imposition of default judgment. However, when reviewing the entry of default, due weight must be accorded to the Bankruptcy Judge's decision. For this reason, the Appellant bears the burden of demonstrating error by the Bankruptcy Court in order to successfully have the entry of default vacated. For the reasons discussed below, Appellant herein has failed to justify reversal of the entry of default.

In *Florida Physician's Insurance Company, Inc. v. Ehlers,* 8 F.3d 780, 783 (11th Cir.1993) the Court discussed the requirements for setting aside a default judgment. The court stated that in order to set aside such a judgment, under Federal Rule 60(b)[2], the defendant must justify such motion by demonstrating "mistake, inadvertence, surprise, or excusable neglect." In order to establish such excuse, the defaulting party must show that: "(1) it had a meritorious defense that might have affected the outcome; (2) granting the motion would not result in prejudice to the non-defaulting party; and (3) a good reason existed for failing to reply to the complaint." *Id.* at 783. We apply these requirements to the case at bar.

■ In order for Appellant to have the entry of Default Judgment set aside, he must demonstrate a meritorious defense that might have affected the outcome of the case. Count Four of the present Complaint alleges that the Appellant failed to satisfactorily explain the deficiency of assets to meet his liabilities. The Count alleges that the Appellant's podiatry practice was grossing in excess of $800,000.00 per year, and that the debtor received income in excess of $323,-000.00 from said practice. Debtor has failed to produce any documentation showing the disposal of his significant earnings despite this allegation in the complaint. He has not demonstrated a meritorious defense in response to the allegation that he failed to show that his income was insufficient to pay his debts. Nor has Appellant demonstrated a meritorious defense that might have affected the outcome of the case if it were heard on its merits.

In addition, Appellant has not alleged or demonstrated that granting his motion to set aside default would not cause prejudice to the non-defaulting party.

Finally, Appellant has not demonstrated that his failure to file an answer to Count Four was the result of mistake, inadvertence, or excusable neglect, as required by Federal Rule 60(b). The Bankruptcy Court denied Appellant's Motion to Dismiss Count Four on October 7, 1992 and ordered Defendant to answer the allegations of Count Four by November 2, 1992. **In fact, the Appellant failed to file an answer until January 26, 1993, which was after the Clerk entered default on January 13, 1993, and more than two months after the Bankruptcy Court's original deadline for filing an answer.**

The time period granted by the Court was sufficient to permit Appellant to answer the count, and Appellant has failed to demonstrate otherwise. Appellant admittedly failed to comply with this order, and has not alleged that this failure was the result of

---

1. See e.g. *Gibbs v. Air Canada,* 810 F.2d 1529 (11th Cir.1987) where the Court held that failure to answer because the complaint was lost by the mail clerk is insufficient reason to set aside a default judgment because the failure to establish minimum procedural safeguards is not excusable neglect.

2. Federal Rule 60(b) is made applicable to Bankruptcy proceedings by Bankruptcy Rule 7055(c).

excusable neglect, mistake or inadvertence. Appellant's first counsel entered a Motion to Withdraw on October 19, 1992 which was not heard until November 9, 1992, a week after the deadline set by the Court for Appellant to answer the complaint. Therefore, the fact that Appellant's first counsel withdrew does not justify Appellant's failure to comply with the Bankruptcy Court's order or at least seek an extension to comply.

Appellant contends that the default is merely technical and that it would therefore be error to allow the Bankruptcy Court's entry of default to stand. A technical default is default entered merely by the passing of time set forth in the rules. In the case at bar, the Appellant failed to answer by the date imposed by the Bankruptcy Court's order. In entering default, the Court made a finding of fact that Count Four of the Fourth Amended Complaint was not answered by the date ordered by the Court. The findings of fact of the Bankruptcy Judge are to be given the same weight by the Appellate Court as the findings of a District Judge under Rule 52 of the Federal Rules of Civil Procedure. Bankruptcy Rule 8013. Findings of fact shall not be set aside unless clearly erroneous. *Id.* This Court finds that the Default was not merely technical, and that the Bankruptcy Judge could properly have determined that the entry of default was appropriate.

Appellant also contends that the Bankruptcy Court erred in finding that the allegations in the Complaint were sufficient to justify the entry of Default. This Court finds that the Bankruptcy Court could have properly determined that the Plaintiff–Appellant's allegations in the complaint are sufficiently well-plead to justify imposition of default judgment.

Although dismissal by default judgment can produce a harsh result, in this case Appellant has not demonstrated either that he has a meritorious defense, which if proven would produce a different result, nor has he established good cause for failing to respond to Count Four of the complaint by the date set by the trial judge. The Appellant was given five (5) weeks by the Bankruptcy Court to file a responsive answer. This was suffi-cient time to respond to the request, and Appellant admittedly failed to do so. Accordingly, it is

**ORDERED** that the appeal of the order denying the motion to set aside the default judgment entered by the Bankruptcy Court be **denied;** the ruling of the Bankruptcy Judge be **confirmed;** and the Clerk of the Court be **directed** to enter judgment for the Appellee.