**Tyrone SILAS, Plaintiff-Appellant,**

v.

**SEARS, ROEBUCK & COMPANY, INC., Defendant-Appellee.**

**No. 78–2019**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Dec. 14, 1978.

---

*Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Michael S. Rosier, Gifford, Fla., for plaintiff-appellant.

Anthony E. Pucillo, West Palm Beach, Fla., for defendant-appellee.

Before GOLDBERG, AINSWORTH and HILL, Circuit Judges.

AINSWORTH, Circuit Judge:

Tyrone Silas appeals from the district court's denial of his motion pursuant to Rule 60(b), Fed.R.Civ.P., seeking relief from a final order dismissing his action on account of his attorney's failure to prepare for and appear at a pretrial conference.

On October 14, 1977, Silas commenced this action by filing a complaint under 42 U.S.C. § 1981, charging his employer, Sears, Roebuck, with discriminatory practices because of his race. The district court (Judge Fulton) issued an order for pretrial conference to be held on February 21. The order also required counsel to meet no later than ten days prior to the conference and to prepare a pretrial stipulation, executed by counsel for all parties, to be filed no later than five days prior to the conference. In addition, the district judge informed the parties, in a letter attached to the order setting pretrial conference, that trial would be before a visiting judge (Judge Campbell, N.D.Ill.).

Subsequently, on January 20, Sears, Roebuck served interrogatories and a request for production of documents on Silas's attorney. No response to the interrogatories was ever received. On February 9, counsel for Sears, Roebuck took Silas's deposition and received some of the documents previously requested. On February 17, Sears, Roebuck's counsel filed a unilateral pretrial stipulation in conformity with the pretrial order, Silas's counsel having failed to take any action in that regard. Finally, on February 21, counsel for Sears, Roebuck appeared at the pretrial conference but Silas's counsel failed to appear, whereupon Judge Campbell granted Sears, Roebuck's verbal motion for a dismissal with prejudice.

 Counsel for Silas did not file a notice of appeal from the order of dismissal with the district court as allowed, within thirty days, by Rule 4(a), Fed.R.App.P. Instead, on March 20, within the time allowed for filing an appeal, counsel for Silas filed a motion under Rule 60(b)(1), Fed.R.Civ.P., seeking relief from the order of dismissal on the ground of "excusable neglect." [1] In an attached affidavit, counsel stated that he failed to place on his calendar the pretrial conference scheduled by Judge Fulton, in the mistaken belief that he would receive an additional pretrial order from Judge Campbell, to whom the case had been assigned for trial. On March 27, Judge Campbell denied the Rule 60(b) motion. On April 26, counsel for Silas filed a timely appeal from that denial, which is the matter now before this court.[2]

---

1. Rule 60(b)(1) provides:

 On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . .
 Fed.R.Civ.P. 60(b)(1).

2. Denial of a Rule 60(b) motion is a final, appealable order. *Cromelin v. Markwalter*, 5 Cir., 1950, 181 F.2d 948.

The fundamental question before us in this appeal is whether Silas's action should have been dismissed because of his attorney's failure to prepare for and appear at the pretrial conference. The matter is complicated, however, by the fact that Silas's counsel has raised the question in a Rule 60(b)(1) motion alleging excusable neglect rather than in a direct appeal of the dismissal.

■ The district court, of course, had authority to order the attorneys for both parties to prepare for and appear at a pretrial conference. See Fed.R.Civ.P. 16. The district court also had authority, upon disregard of such an order, to impose appropriate sanctions on the offending party and his counsel, including, if necessary, dismissal of the plaintiff's action. See Fed.R.Civ.P. 41(b) (expressly recognizing the district court's power to dismiss an action with prejudice for failure to comply with an order of court or for failure to prosecute); Link v. Wabash Railroad Co., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (recognizing the inherent authority of a federal trial court to dismiss plaintiff's action for failure to prosecute in order to prevent undue delays in the disposition of pending cases and calendar congestion). To withstand appellate reversal, the choice of a particular sanction in a given case need merely fall within the permissible range of the court's discretion in light of the circumstances. See Link v. Wabash Railroad Co., supra; Flaksa v. Little River Marine Construction Co., 5 Cir., 1968, 389 F.2d 885, 887–88. The discretion vested in the trial court to select an appropriate sanction is broad but not unlimited.

■ In this circuit it is well established that dismissal with prejudice is a drastic remedy to which a court may resort only in extreme situations where there is "a clear record of delay or contumacious conduct by the plaintiff." Durham v. Florida East Coast Railway Co., 5 Cir., 1967, 385 F.2d 366, 368. See also, e. g., Graves v. Kaiser Aluminum & Chemical Co., 5 Cir., 1976, 528 F.2d 1360; Connolly v. Papachristid Shipping Ltd., 5 Cir., 1974, 504 F.2d 917. Absent such a showing, the trial court's discretion is limited to the application of lesser sanctions designed to achieve compliance with court orders and expedite proceedings.[3] Graves v. Kaiser Aluminum & Chemical Co., supra, at 1361. See also, e. g., Pond v. Braniff Airways, Inc., 5 Cir., 1972, 453 F.2d 347; Flaksa v. Little River Marine Construction Co., supra. Dismissal is generally inappropriate and lesser sanctions are favored where neglect is plainly attributable to an attorney rather than to his blameless client. See, e. g., Hassenflu v. Pyke, 5 Cir., 1974, 491 F.2d 1094.

■ In this case, Silas's action was dismissed just over four months after its inception. The apparent ground for the dismissal was the failure of Silas's counsel to appear at the scheduled pretrial conference. In addition, counsel for Silas failed to prepare a pretrial stipulation and to reply to the interrogatories served by Sears, Roebuck one month prior to the dismissal. The record reveals no action by the district court to achieve compliance with pretrial procedures prior to imposition of the drastic sanction of dismissal. Furthermore, the record reveals no complicity on the part of the plaintiff in the inaction of his attorney which occasioned the dismissal. In fact, Silas submitted to deposition by defendant on February 9, just twelve days prior to the dismissal of his action.

In these circumstances, there is neither the "clear record of delay" nor the "contumacious conduct by the plaintiff" which is required to support an order of dismissal

---

**3.** Lesser sanctions which might be appropriate, dependent upon the circumstances of the case at hand, are conditional orders of dismissal or various types of disciplinary action directed at the erring attorney, including perhaps a reprimand by the court, a fine, a finding of contempt, or a prohibition against practicing before the court for a specified period of time. See Woodham v. American Cystoscope Co. of Pelham, N. Y., 5 Cir., 1964, 335 F.2d 551, 557; Comment, Sanctions at Pretrial Stages, 72 Yale L.J. 819, 830 (1963).

with prejudice rather than the imposition of lesser sanctions.[4] Dismissal is not required to do justice to the defendant, who has made no claim that his rights have been sufficiently prejudiced to require so drastic a sanction. Nor in these circumstances is dismissal required, as a first and final resort, to permit the court to fulfill its obligation to administer justice expeditiously. Thus, although the inaction of counsel in this case is not to be condoned, we would clearly find, *on appeal of the order of dismissal*, that the district judge exceeded his discretion in immediately imposing the drastic sanction of dismissal.

 It is clear that the filing of a Rule 60(b) motion does not toll the running of time allowed for filing a notice of appeal. *See* Fed.R.App.P. 4(a). Thus, when Silas filed notice of appeal from denial of his 60(b) motion, he could not then have timely appealed the previous order of dismissal entered on February 21, since the thirty-day period had expired. Thus, we may not treat this appeal from the denial of a Rule 60(b) motion as an appeal from the dismissal itself. The time limits placed by Rule 4(a) on the right of appeal are mandatory and jurisdictional. *E. g., Gulf-Tampa Drydock Co. v. Vessel Virginia Trader*, 5 Cir., 1970, 435 F.2d 150.

 Furthermore, in order to comport with the strict time limits regulating the filing of appeals, this court has previously held that a Rule 60(b) motion may not substitute for a timely appeal. *Edwards v. Joyner*, 5 Cir., 1978, 566 F.2d 960; *Burnside v. Eastern Airlines, Inc.*, 5 Cir., 1975, 519 F.2d 1127. Thus, where the time for appealing a dismissal had expired and the plaintiff subsequently filed a 60(b) motion seeking to have his action reinstated, we have said that "appellate review would be limited to the district court's exercise of

discretion in denying the Rule 60(b) motion, and would not have extended to consideration of the motion to dismiss." *Burnside v. Eastern Airlines, Inc., supra*, at 1128. *See also Saenz v. Kennedy*, 5 Cir., 1950, 178 F.2d 417; *Wagner v. United States*, 2 Cir., 1963, 316 F.2d 871. These authorities indicate that appellate review of the denial of a Rule 60(b) motion must be narrower in scope than review of the underlying order of dismissal so as not to vitiate the requirement of a timely appeal.

In the context of this case, in which the order of dismissal was entered prior to trial for failure to appear at a pretrial conference, a Rule 60(b)(1) motion alleging excusable neglect raises the same questions and requires virtually the same analysis as would an appeal from an order of dismissal for failure to prosecute or for disobedience of a court order. In determining whether there has been excusable neglect within the meaning of Rule 60(b)(1), we must consider not only the nature of the neglect involved (here, a failure to attend a pretrial conference) and the excuse offered to explain it (here, alleged confusion stemming from the assignment of a visiting judge) but also the severity of the dismissal sanction which has been imposed. The issue upon appellate review is whether the trial judge has abused his discretion in decreeing dismissal of plaintiff's action.

Of course, we should not allow belated resort to a 60(b)(1) motion to take the place of a timely appeal and thereby permit the litigant to circumvent the time limits for filing. In this case, however, the Rule 60(b) motion was filed within the time allowed for filing an appeal. Whatever the explanation may have been for resort to Rule 60(b), it should not be viewed as a dilatory attempt to bypass appellate procedures.

4. *Compare Flaksa v. Little River Marine Constr. Co.*, 5 Cir., 1968, 389 F.2d 885 (dismissal inappropriate where (1) proceeding was less than one year old when dismissed, (2) delay was not so long as to indicate a desire not to prosecute, (3) claim was neither vexatious nor fictitious, and (4) plaintiff was not responsible for counsel's dilatory conduct) *with Delta Thea-* *tres, Inc. v. Paramount Pictures, Inc.*, 5 Cir., 1968, 398 F.2d 323 (dismissal appropriate where proceeding was fourteen years old, with no action taken for about seven years) *and Salmon v. City of Stuart*, 5 Cir., 1952, 194 F.2d 1004 (dismissal appropriate where no action taken by plaintiffs for one year and three months).

In the circumstances of this case, we find that the trial court abused its discretion in denying appellant's 60(b) motion. Immediate imposition of the sanction of dismissal was much too severe a response to the failure of Silas's attorney to appear at the pretrial conference. We remand the case to the district court with instructions to reinstate Silas's action on the docket.

REVERSED AND REMANDED.