803 F.2d 720
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
RUFUS HORNE & ELLA J. HORNE, Plaintiffs-Appellants
v.
FWD, INC.; CHALLENGE-COOK BROTHERS, INC., Defendants-Appellees.
 No. 85-1373.
 United States Court of Appeals, Sixth Circuit.
 Sept. 3, 1986.
 
 Before: KRUPANSKY and WELLFORD, Circuit Judges; and PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 This case illustrates the unfortunate situation in which a litigant must suffer for the transgressions of his counsel. On October 19, 1982, plaintiffs-appellants, Rufus and Ella Horne, instituted a products liability action in Wayne County (Michigan) Circuit Court against defendants-appellees, FWD, Inc., and Challenge-Cook Brothers, Inc., for injuries allegedly arising when Rufus Horne was struck by the revolving concrete mixing drum door, manufactured by Challenge-Cook, of a cement truck, manufactured by FWD. In December 1982 defendants-appellees removed the case to district court on the basis of diversity jurisdiction. Thereafter ensued what can be described only as irresponsible conduct on the part of the Hornes' then counsel.
 
 
 2
 After having been ordered on March 8, 1983, to prepare the final joint pretrial order, the Hornes' counsel failed to file the order and failed to attend a final pretrial conference on February 28, 1984. As a result the district court dismissed the case without prejudice. On March 14, 1984, the Hornes' attorney filed a motion to reconsider and to set aside the order of dismissal pursuant to Fed. R. Civ. P. 60(b). Following a hearing in May 1984 the district court granted the motion conditioned upon the payment of $250.00 in costs and presentment of a reinstatement order. However, as admitted in the Hornes' brief, "[f]or inexplicable reasons . . ." this relatively simple measure was never taken, but on September 12, 1984, the Hornes' counsel served interrogatories on both defendants. Neither responded because the cut-off date for discovery pursuant to court order was February 15, 1984. On February 15, 1985, a full year later, Horne's counsel filed a motion for entry of an order of reinstatement, which was treated as a Rule 60(b) motion, citing "clerical error" as the reason for his failure to prepare a timely order. (Shortly thereafter, the Hornes' counsel became disassociated from the law firm which continues to represent the Hornes). After a hearing, at which defendants-appellees objected to reinstatement, the district court found that there was "no showing whatever of any reason whatever to reinstate this case. Also, the case has not been properly processed. This Court has gone along as far as it will." The motion to reinstate was denied and the original dismissal was thus effective. The Hornes timely filed this appeal from the denial of their Rule 60(b) motion.[1]
 
 
 3
 Denial of a Rule 60(b) motion will be set aside only for an abuse of discretion. Bank of Montreal v. Olafsson, 648 F.2d 1078, 1079 (6th Cir.), cert. denied, 454 U.S. 1084 (1981). The Hornes argue that appellate courts view complete dismissal as a drastic measure only to be taken after resort to lesser sanctions has proven fruitless. See e.g., Jackson v. Washington Monthly Co., 569 F.2d 119, 123 (D.C. Cir. 1977). They assert that lesser sanctions were available and warranted, so that the district court's denial of the order of reinstatement was an abuse of discretion.
 
 
 4
 This circuit agrees that dismissal is an extreme remedy.
 
 
 5
 The dismissal of an action for an attorney's failure to comply is a harsh sanction which the court should order only in extreme situations showing "a clear record of delay or contumacious conduct by the plaintiff." Silas v. Sears, Roebuck & Co., Inc., 586 F.2d 382, 385 (5th Cir. 1978). See Edsall v. Penn Central Transp. Co., 479 F.2d 33 (6th Cir. 1973) (per curiam). Absent this showing, an order of dismissal is an abuse of discretion; the court is limited to lesser sanctions designed to achieve compliance, 586 F.2d at 385. The sanction of dismissal is appropriate only if the attorney's dilatory actions amounted to failure to prosecute and no alternative sanction would protect the integrity of pre-trial procedures. J. F. Edwards Const. Co. v. Anderson Safeway Guard Rail Corp., 542 F.2d 1318 (7th Cir. 1976) (per curiam).
 
 
 6
 Carter v. City of Memphis, Tennessee, 636 F.2d 159, 161 (6th Cir. 1980); see also Patterson v. Township of Grand Blanc, 760 F.2d 686, 688-89 (6th Cir. 1985). However, the Hornes' argument overlooks the fact that the district court had ordered a lesser sanction; i.e., the $250.00 in costs as part of the conditional reinstatement, to no avail. Moreover, the dismissal entered prior to the conditional order served as fair warning that the district court would not tolerate further inexcusable delay and noncompliance. Given the Hornes' failure to respond to the lesser sanction, the extreme length of time which elapsed following the conditional order of reinstatement, and the failure to provide any good reason for their inaction, we cannot say that the district court abused its discretion in denying the motion for entry of order of reinstatement.
 
 
 7
 In the alternative, the Hornes argue that the "gross negligence" of their trial counsel should permit relief under Rule 60(b)(6), for "any other reason justifying relief from the operation of the judgment." However, this claim was never presented to the district court. Therefore, we decline to review the merits of this contention on appeal.
 
 
 8
 Accordingly, the order of the district court is affirmed.
 
 
 
 [1]
 We make no finding regarding the propriety of the original dismissal order. It is well established that an appeal from an order denying relief under Rule 60(b) does not bring up for review the underlying judgment from which the relief was sought. 7 W. Moore, Moore's Federal Practice P 60.30 (1985); Rule 60(b)