IN THE COURT OF APPEALS

8/26/97

OF THE

STATE OF MISSISSIPPI

NO. 95-CA-01371 COA

MARY LARIMER APPELLANT

v.

JOHN L. CAMPBELL II, M.D. APPELLEE

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND

MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-B

TRIAL JUDGE: HON. JERRY O. TERRY

COURT FROM WHICH APPEALED: HARRISON COUNTY CIRCUIT COURT

ATTORNEYS FOR APPELLANT: BEN GALLOWAY III

JOE SAM OWEN

ATTORNEY FOR APPELLEE: STEPHEN GILES PERESICH

NATURE OF THE CASE: MEDICAL MALPRACTICE

TRIAL COURT DISPOSITION: DISMISSED WITH PREJUDICE FOR DISCOVERY VIOLATIONS AND FAILURE TO PROSECUTE

MOTION FOR REHEARING FILED:9/5/97

CERTIORARI FILED: 11/13/97

MANDATE ISSUED: 2/24/98

BEFORE McMILLIN, P.J., HERRING, AND KING, JJ.

McMILLIN, P.J., FOR THE COURT:

This case is before the Court as an appeal from an order dismissing the plaintiff's complaint, with prejudice, on motion of the defendant. The case was commenced in the Circuit Court of Harrison County. The motion sought dismissal under both Mississippi Rule of Civil Procedure 37(b), for failure to comply with an order for discovery, and Mississippi Rule of Civil Procedure 41(b), which permits involuntary dismissal for failure to prosecute or to comply with any order of the trial court. The trial court, after a hearing, granted the motion. The order did not specify which rule the court relied upon. The ruling was accompanied by an opinion rendered from the bench outlining the court's reasoning in granting the motion. This bench ruling also failed to specify which rule the court relied upon to dismiss.

I.

Facts

Mary Larimer filed this case as a medical malpractice claim against the defendant, John L. Campbell, on December 20, 1993, about three days prior to the expiration of the statute of limitations on the claim. Approximately four and a half months later, on May 2, 1994, Campbell filed lengthy discovery requests in the form of interrogatories and requests for production of documents. Repeated informal attempts by Campbell's attorney to obtain responses to discovery requests produced promises but no results. Campbell's counsel ultimately filed a motion to compel discovery pursuant to Rule 37(a) on November 18, 1994. Defense counsel did not file that motion until discovery responses were over five months past due. The trial court signed an order dated November 21, 1994 ordering Larimer to respond to all discovery no later than December 1, 1994. Larimer did not comply with the terms of the order. Neither did her attorney seek an extension of the deadline imposed in the court's order. Instead, the order was simply ignored. Approximately eight months later, on August 6, 1995, Mary Larimer died. On November 14, 1995, Campbell filed his motion seeking dismissal for discovery violations and failure to prosecute and noticed plaintiff's counsel for a hearing on the motion for

December 15, 1995. On November 30, 1995, Wilbur N. Larimer, Mary Larimer's surviving spouse, entered an appearance, and the suit was revived in his name. Wilbur Larimer had obtained different representation, and on December 4, 1995 -- eleven days prior to the hearing on Campbell's motion -- the new attorneys served the belated discovery responses on Campbell. Campbell nevertheless persisted in pursuing the motion to dismiss. As we have noted, he was successful, and the trial court dismissed the case with prejudice.

Larimer has appealed, seeking to have the trial court's order of dismissal set aside. In the appeal, Larimer presents only one issue. Finding the action of the trial court to be within the limits of discretion afforded him in these matters, we affirm the dismissal.

II.

Discussion

Larimer assigns only one issue in his Statement of the Issues required under Mississippi Rule of Appellate Procedure 28(a)(3). The issue, very narrowly framed, is as follows:

"May a Plaintiff's case be dismissed with prejudice as a result of the Plaintiff's former counsel failing to comply with a discovery order when the Plaintiff had no knowledge of the Order or the inaction of his former counsel."

As to this narrow issue, largely unaddressed in Larimer's brief, the answer would appear to be in the affirmative. The law holds that the failings of a party's counsel of the nature found in this case are directly chargeable to the client.

There is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have "notice of all facts, notice of which can be charged upon the attorney."

*Link v. Wabash R. Co.,* 370 U.S. 626, 633-34 (1962).

However, the entire contents of Larimer's brief argues a related, but unquestionably separate and broader issue. Campbell's reply brief makes no mention of this shift in focus and responds to the issue actually argued. We will, therefore, consider the more general issue actually argued by the parties to this appeal.

The thrust of Larimer's argument centers around the proposition that the trial court's decision to impose the ultimate sanction of dismissal with prejudice was not merited on the facts of this case as

being unduly harsh and thus, an abuse of discretion. As a part of that argument, Larimer attempts to distance himself from the conduct of his original counsel to some extent and cites the Court to a number of cases where, in certain factual situations, an appellate court has concluded that a dismissal on the merits for misconduct or malfeasance solely chargeable to counsel was too harsh a remedy. Nevertheless, Larimer's argument deals not with the trial court's *authority* to dismiss on the facts, but rather with the question of whether, in dismissing, the trial court abused its *discretion* -- an argument that necessarily concedes the existence of at least the bare authority.

We conclude that in this case, the trial court acted within its allowable range of discretion. This case involves not an isolated instance of attorney misconduct or malfeasance, but an extended course of conduct that evinced a clear attitude that the rules of procedure and orders of the court could be ignored with impunity. These rules serve the purpose of permitting the trial court to keep cases on the docket moving toward resolution and permitting an opposing party to gather, through discovery, the information necessary to formulate its trial strategy. An attorney filing a suit has a duty to pursue the claim with a measure of diligence. The facts of this case reveal that defense counsel exercised considerable restraint in trying to cajole and then prod plaintiff's counsel into fulfilling his rule-imposed duties. Nevertheless, the point underlying the polite letters of inquiry appears clear to this Court and ought to have appeared with equal clarity to Larimer's attorneys. The fact that defense counsel conveyed his insistence that discovery be completed in courteous terms does nothing to diminish the message conveyed. These attempts were repeatedly ignored before defense counsel resorted to the more severe measure of seeking an order of the court to compel compliance. Yet, even the order of the trial court was completely ignored for a period approaching one year.

The cases cited by Larimer in support of this aspect of his argument do not appear to involve such an extended and unexplained lack of diligence in pursuing a claim. Rather, many of those cases deal with one-time incidents of attorney misconduct of which the client may not have been aware. By way of example, in *Silas v. Sears, Roebuck and Co.*, the Fifth Circuit held that a dismissal with prejudice was unduly harsh when the only basis was "because of [plaintiff's] attorney's failure to prepare for and appear at the pretrial conference." *Silas v. Sears, Roebuck and Co.,* 586 F.2d 382, 385 (5th Cir. 1978). Even in that case, the court, in discussion, conceded the authority of the trial court to impose the ultimate sanction if there is "a clear record of delay or contumacious conduct by the plaintiff." *Id.* at 385 (quoting *Durham v. Florida East Coast Ry. Co.,* 385 F.2d 366, 368 (5th Cir. 1967)). In *Hassenflu v. Pyke,* the dereliction of counsel is not clearly stated, but it appears to revolve around plaintiff's counsel's failure to notify some opposing attorneys that a summary judgment motion hearing had been canceled. *Hassenflu v. Pyke,* 491 F.2d 1094, 1095 (5th Cir. 1974).

In all events, it is not so readily apparent that the client in this case can be absolved from responsibility for the disregard of discovery rules and the general lack of diligence with which the case was prosecuted. A litigant who entrusts a claim to an attorney ought fairly to be held to some measure of diligence in following the progress of the litigation and prodding counsel along when necessary. We see no valid reason to permit a litigant to retain counsel to file suit and then simply retire from the field for a period of almost two years in blind reliance on counsel's efforts and yet deny any responsibility if the case is not pursued with the proper degree of diligence. Even in this case, where the original plaintiff was undoubtedly experiencing some health difficulties, we have no evidence to suggest that in the extended period from the filing of the suit until her death, she was so incapacitated that she was incapable of making routine inquiries to check on the status of the

litigation. Even then, such inquiries could have been undertaken by others were she so ill as to be unable to make the appropriate visits or telephone calls herself. Further, though this Court is certainly not unsympathetic to Mr. Larimer's loss at the death of his wife, we must observe that a period of almost four months elapsed from the death until an effort was made to accomplish the most basic act of reviving the claim.

Remembering that, in this case, we are considering claims of a general failure to prosecute that extends beyond a mere failure to complete discovery, we must look at other factors that bear on the diligence with which this claim was pursued. This medical malpractice claim, involving an allegation of negligent misreading of an x-ray, required expert testimony to establish the standard of conduct and prove the defendant's breach of that standard. *Palmer v. Biloxi Regional Medical Ctr., Inc.,* 564 So. 2d 1346, 1357 (Miss. 1990). The names of the expert witnesses for the plaintiff was one area of inquiry in the defendant's long-unanswered discovery. The responses to discovery showed that the plaintiff, in pursuit of this claim, did not even obtain the requisite expert witness prepared to offer such testimony until twenty-three months after the filing of the suit. Thus, it appears that the plaintiff was content to file this suit, claiming medical malpractice, and then permit the suit to languish on the docket for almost two years without taking the most fundamental step of investigating whether competent evidence was available on the key element of the claim. It appears to this Court that this is a classic case of a plaintiff failing, for an unconscionably long period, to take the most basic step to pursue her claim. M.R.C.P. 41(b).

As our supreme court has properly observed, a claim of abuse of discretion necessarily admits of two possible choices by the trial court. Thus, on appeal, we do not seek to determine whether the trial court was "correct" in its decision, since, so long as the issue lies fairly within the range of the court's discretion, the election to come down either way on the question is not reversible on appeal. *Cunningham v. Mitchell,* 549 So. 2d 955, 958 (Miss. 1989). Our task is limited to determining whether the decision can be said to fall within the limits of discretion permitted to the trial court.

The trial court is, and must be, vested with a significant degree of discretion in the manner in which it handles its court docket. In aid of that purpose, our rules of procedure vest the court with authority that ought to be well-known and understood by the attorneys appearing in that court, if not the litigants themselves. It is not unreasonable to expect litigants and litigants' counsel to exercise the most basic degree of diligence in pursuing a lawsuit once filed. It is also not unreasonable to expect that, when the disregard of that duty appears, on its face, to be obstinate and protracted over an unconscionably long period of time, the trial court may elect to apply the most severe sanction available in its arsenal. That is what occurred in this case, and this Court is in no position to conclude that this decision constituted an abuse of the discretion vested in the trial court.

It can be argued with some persuasiveness that a less harsh sanction would have been sufficient to deal with the appellant's abuses. However, in cases involving the exercise of discretion, that will always be the case since the existence of only one arguably proper result logically negates the existence of any measure of discretion. The trial court heard the arguments in favor of a lesser sanction and rejected them. This Court is in no position to substitute its collective judgment of the proper result for that exercised by the trial court. The decision to dismiss with prejudice is affirmed.

**THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT IS AFFIRMED.**

**COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**BRIDGES, C.J., HERRING, HINKEBEIN, KING, AND SOUTHWICK, JJ., CONCUR. DIAZ, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY COLEMAN AND PAYNE, JJ. THOMAS, P.J., NOT PARTICIPATING.**

IN THE COURT OF APPEALS

8/26/97

OF THE

STATE OF MISSISSIPPI

NO. 95-CA-01371 COA

MARY LARIMER APPELLANT

v.

JOHN L. CAMPBELL II, M.D. APPELLEE

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND

MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-B

DIAZ, J., DISSENTING:

I respectfully dissent from the majority opinion. While Mississippi Rule of Civil Procedure 37(b) authorizes dismissal of an action as a form of sanction, it is clearly the most extreme sanction

available. *Hapgood v. Biloxi Regional Medical Ctr.,* 540 So. 2d 630, 634 (Miss. 1989). "[T]his remedy is so drastic that 'it should be used only in extreme situations, as the court has a wide range of lesser sanctions'." *Connolly v. Papachristid Shipping Ltd.*, 504 F.2d 917, 920 (5th Cir. 1974) (*citing Flaska v. Little River Marine Constr. Co.*, 389 F.2d 885, 887-88 (5th Cir. 1968)). The standard imposed is whether "there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice." *Wallace v. Jones*, 572 So. 2d 371, 376 (Miss. 1990).

While it certainly appears that Mrs. Larimer's former counsel breached his duty to both the court and Mrs. Larimer by failing to proceed with her case, "dismissal may be inappropriate when neglect is plainly attributable to an attorney rather than a blameless client . . . ." *Hapgood*, 540 So. 2d at 634. In the case at bar, Mrs. Larimer herself had prepared discovery responses for ultimate tender to Dr. Campbell. However, in the interim between the time of filing the complaint and her attorney's withdrawal from the case, Mrs. Larimer's health declined, resulting in her death. Efforts to obtain substitute counsel were understandably delayed under the circumstances.

Evidence that her former attorney essentially abandoned her case, coupled with Mrs. Larimer's illness and subsequent death, militate against any finding of "contumacious conduct" on her part. "Dismissal with prejudice is an extreme and harsh sanction that deprives a litigant of the opportunity to pursue his claim, and any dismissals with prejudice are reserved for the most egregious cases." *Wallace*, 572 So. 2d at 376. This case is not one deserving of such a harsh sanction; therefore, the judgment of the Harrison County Circuit Court should be reversed.

**COLEMAN AND PAYNE, JJ., JOIN THIS SEPARATE OPINION.**