IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-30264
Summary Calendar
_____

BARBARA F. VERCHER,

                                        Plaintiff-Appellant,

versus

AON RISK SERVICES, INC. OF LOUISIANA,
formerly known as Alexander & Alexander, Inc.;
AON SERVICES CORP; AETNA LIFE INSURANCE CO.;
METROPOLITAN LIFE INSURANCE CO.,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 98-CV-750
--------------------
October 26, 2000

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Barbara Vercher (Vercher) appeals the district court's decision to dismiss her claim with prejudice for violation of a pre-trial order. Vercher also appeals the district court's denial of her motion to reinstate or for relief under Fed. R. Civ. P. 60(b).

The district court dismissed Vercher's claim pursuant to Fed. R. Civ. P. 41(b). We review an involuntary dismissal pursuant to Rule 41(b) and the denial of Vercher's Rule 60(b)

[*] Pursuant to 5ᵀᴴ CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

motion under the abuse of discretion standard.  Rogers v. Kroger Co., 669 F.2d 317, 320 (5th Cir. 1982); Williams v. Brown & Root, Inc., 828 F.2d 325, 328 (5th Cir. 1987).

As Vercher's March 6, 2000, notice of appeal was not filed within 30 days of the entry of the judgment of dismissal, we do not have jurisdiction to hear an appeal of the district court's dismissal of her suit with prejudice.  Fed. R. App. P. 4(a).

The facts of this case are similar to those presented by Silas v. Sears, Roebuck & Co., 586 F.2d 382 (5th Cir. 1978).  In Silas, we noted that when an order of dismissal is entered prior to trial for failure to appear at a pre-trial conference, a Rule 60(b) motion alleging excusable neglect raises the same questions and requires virtually the same analysis as would an appeal from an order of dismissal for failure to prosecute or for disobedience of a court order.  Id. at 386.  We then rejected the narrow scope of review normally applied in Rule 60(b) cases because plaintiff's Rule 60(b) motion was filed within the time allowed for filing an appeal; thus, it could not be viewed as a dilatory attempt to bypass appellate procedures.  Id.  Finally, we concluded that the district court abused its discretion in denying plaintiff's 60(b) motion because immediate imposition of the sanction of dismissal was much too severe a response to the failure of plaintiff's attorney to appear at the pre-trial conference.  Id.; cf. Williams, 828 F.2d at 328 n.6; Pryor v. U.S. Postal Serv., 769 F.2d 281, 288 (5th Cir. 1985).

Vercher's Rule 60(b) motion was filed within the time allowed for filing an appeal.  Vercher's counsel alleged he did

not file the pre-trial stipulations because he believed a new pre-trial order would be issued after he filed an amended complaint.  Although this excuse may not have been meritorious, the nature of the neglect involved (the failure to file pre-trial stipulations) and the excuse offered to explain it (the belief that a new pre-trial order was going to be issued) did not justify the severity of the dismissal sanction which was imposed. Silas, 586 F.2d at 386.

Even assuming that counsel's failure to comply with the pre-trial order constituted a clear record of delay or contumacious conduct, the district court did not make an express determination that lesser sanctions would not prompt diligent prosecution or show that the court employed lesser sanctions that proved to be futile.  See Berry v. CIGNA/RSI-CIGNA, 975 F.2d 1188, 1191 (5th Cir. 1992).

Based upon the foregoing, we conclude that the district court abused its discretion in denying plaintiff's Rule 60(b) motion.

REVERSED AND REMANDED.