# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 13, 2010

No. 10-60236
Summary Calendar

Lyle W. Cayce
Clerk

SUSAN MICHELE PARKER; CARL GREGG PARKER,

Plaintiffs - Appellants

v.

WAL-MART STORES, INCORPORATED,

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:05-CV-768

Before KING, BENAVIDES and ELROD, Circuit Judges.

PER CURIAM:[*]

Plaintiffs - Appellants, Susan Parker and Carl Parker, sued Defendant - Appellee, Wal-Mart Stores, after Mrs. Parker injured herself while stepping onto a curb in Wal-Mart's parking lot. After the district court granted summary judgment in favor of Wal-Mart, the Parkers moved for relief from the judgment under FEDERAL RULE OF CIVIL PROCEDURE 60(b). The district court denied the Parkers' motion. We affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-60236

## I.  Factual and Procedural Background

On September 30, 2003, Susan Michelle Parker went to purchase party supplies at the Flowood, Mississippi Wal-Mart.  Mrs. Parker alleges a crack in the curb in front of that Wal-Mart caused her to fall and break her ankle.

Mrs. Parker brought an action against Wal-Mart in Mississippi state court seeking actual and punitive damages under Mississippi premises liability law.  Mr. Parker also asserted a claim against Wal-Mart for loss of consortium.  Shortly thereafter, Wal-Mart removed the action to the United States District Court for the Southern District of Mississippi on the basis of diversity jurisdiction.

The Parkers served Wal-Mart with interrogatories and requests for production regarding Wal-Mart's safety policies at the time of Mrs. Parker's accident.[1]  The Parkers claim that, in response to their discovery requests, Wal-Mart produced "Slip, Trip, and Fall Guidelines" dated September 16, 2004 ("2004

---

[1] The relevant interrogatories read:

> INTERROGATORY NO. 1:  Please state in detail what Wal-Mart's policies and procedures are that their agents, employees or representatives are to follow when they discover a condition on the premises which could rise to injury.
> . . . .
> INTERROGATORY NO. 6:  Please state whether Wal-Mart had any procedures for regular inspection of the condition of the premises at the time of the occurrence in question?  If so, please describe.

The relevant request for production of documents read:

> REQUEST NO. 5:  Please produce copies of any rules, management guidelines, operating guidelines, or other similar writing or document that purports to show operating procedures for the management, care, maintenance, repair, and service of the premises in question.

No. 10-60236

Guidelines"), which post-dated Mrs. Parker's accident. These guidelines require Wal-Mart employees to "[e]nsure the parking lot is free from . . . cracked sidewalks and  curbs" and to "[a]lert a salaried member of management when these items are in need of repair."

On February 28, 2007, the district court granted Wal-Mart's motion for summary judgment, reasoning the curb was not an unreasonably unsafe condition as a matter of law.  The Parkers appealed, and this court affirmed.

During the pendency of their appeal, the Parkers obtained a copy of Wal-Mart's August 2003 "Slip, Trip, and Fall Guidelines" ("2003 Guidelines"), which contained identical language to the 2004 Guidelines.  The Parkers filed a motion before this court to supplement the record with the 2003 Guidelines.  Shortly after that motion was filed, however, they voluntarily withdrew it after Wal-Mart notified the Parkers that the 2004 Guidelines were in effect at the time of Mrs. Parker's injury.  In withdrawing the motion, the Parkers directed this court to treat the 2004 Guidelines as evidence of Wal-Mart's negligence.

After this court affirmed the district court's order granting Wal-Mart's motion for summary judgment, the Parkers filed a Rule 60(b) motion in the district court.  The Parkers argued their claim would have survived Wal-Mart's summary judgment motion had Wal-Mart properly produced the 2003 Guidelines.

The district court denied the Parkers' Rule 60(b) motion.  The court held the 2003 Guidelines would not have changed the outcome of its ruling on Wal-Mart's motion for summary judgment.  The district court held that the Parkers were not entitled to relief under Rule 60(b) because they had not proven either that Wal-Mart improperly withheld the 2003 Guidelines or that this withholding

3

No. 10-60236

had prevented them from fully and fairly presenting their case.

## II. Analysis

### A. Standard of Review

We review a district court's denial of a Rule 60(b) motion for relief from a final judgment or order for abuse of discretion. *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. Unit A Jan. 1981).

### B. Waiver

As a preliminary matter, Wal-Mart argues that the Parkers waived review of the district court's denial of their Rule 60(b) motion because they characterize their appeal as seeking review of the district court's order granting summary judgment, which this court has already affirmed. Wal-Mart correctly contends the issue for review is denial of the Parkers' Rule 60(b) motion and that our review will therefore necessarily "be narrower in scope than review of the underlying order of dismissal." *Silas v. Sears, Roebuck & Co., Inc.*, 586 F.2d 382, 386 (5th Cir. 1978).

The Parkers' discussion of the actual merits of their appeal remains largely unchanged from their properly pleaded Rule 60(b) motion below. Therefore, this court will address the merits of the Parkers' appeal.

### C. Rule 60(b)(2) Relief

The Parkers argue they are entitled to relief under Rule 60(b)(2) because they did not obtain a copy of the 2003 Guidelines until after the district court had granted Wal-Mart's motion for summary judgment. Rule 60(b)(2) allows for relief from a final judgment based on "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." The Parkers must therefore demonstrate: "(1) that

No. 10-60236

[they] exercised due diligence in obtaining the [2003 Guidelines]; and (2) that the evidence is material and controlling and clearly would have produced a different result if present before the original judgment." *Helsing v. CSX Transp., Inc.*, 396 F.3d 632, 639 (5th Cir. 2005). Because we conclude the Parkers have failed to prove the 2003 Guidelines were material and controlling, we need not decide whether the Parkers exercised due diligence in obtaining the 2003 Guidelines. *See id.* at 641 (addressing only whether evidence was material to determination of the case below).

Earlier production of the 2003 Guidelines would not have resulted in denial of Wal-Mart's motion for summary judgment. As a business invitee, Wal-Mart owed Mrs. Parker a duty to "keep the premises reasonably safe, and when not reasonably safe, to warn only where there is hidden danger or peril that is not in plain and open view." *Massey v. Tingle*, 867 So. 2d 235, 239 (Miss. 2004) (citation and internal quotation marks omitted). As noted above, both this court and the district court have previously held that Wal-Mart's curb was not an unreasonably dangerous condition as a matter of law. Therefore, the Parkers' argument hinges on whether the 2003 Guidelines establish an independent basis from which a jury could conclude that Wal-Mart breached the duty of care owed to invitees by not complying with its own internal policies.

Under Mississippi law, "breach of one's internal policies may be considered in determining whether one has exercised the appropriate standard of care." *Boyd Tunica, Inc. v. Premier Transp. Servs., Inc.*, 30 So. 3d 1242, 1253 (Miss. Ct. App. 2010). As the district court correctly noted, however, internal policies are only one consideration among many in that determination. *See Steele v. Inn of Vicksburg*, 697 So. 2d 373, 377 (Miss. 1997) (affirming denial of judgment

No. 10-60236

notwithstanding a verdict in defendant's favor despite "ample evidence" of defendant's violation of its internal safety policies).

The production of the 2003 Guidelines would not have changed the outcome of the Parkers' opposition to Wal-Mart's motion for summary judgment. The Parkers' supported their failed opposition to Wal-Mart's motion for summary judgment with an expert affidavit evaluating Wal-Mart's fault, which concluded Wal-Mart had breached its duty of care based, in part, on its failure to comply with the 2004 Guidelines. Moreover, the expert's opinion would not have changed if it had been based on the 2003 Guidelines, rather than the 2004 Guidelines, because the language in both sets of guidelines is identical. Thus, the district court was fully able to evaluate the import of Wal-Mart's internal policies at summary judgment and nevertheless granted summary judgment in favor of Wal-Mart.

Additionally, we are not aware of any cases in which a party's violation of its own internal safety policies established a dangerous condition *per se*. Accordingly, the district court did not abuse its discretion in denying the Parkers' Rule 60(b)(2) motion.

## D. Rule 60(b)(3) Relief

The Parkers next argue that they are entitled to relief under Rule 60(b)(3) because Wal-Mart engaged in misconduct by failing to produce the 2003 Guidelines in response to a discovery request. Rule 60(b)(3) allows for relief from a final judgment in the event of "fraud . . . misrepresentation, or other misconduct of an adverse party." A party is entitled to relief under Rule 60(b)(3) if: "(1) the adverse party engaged in fraud or misconduct, and (2) . . . this misconduct prevented the moving party from fully and fairly presenting his

6

No. 10-60236

case." *Helsing*, 396 F.3d at 641.  The movant must prove misconduct by clear and convincing evidence.  *Id.*

### 1. Misconduct

The Parkers have failed to establish by clear and convincing evidence that Wal-Mart improperly withheld the 2003 Guidelines.  This court has previously held that the failure to produce documents that are responsive to interrogatories and discovery requests, when coupled with awareness of those documents, establishes misconduct.  *See Rozier v. Ford Motor Co.*,  573 F.2d 1332, 1341–42 (5th Cir. 1978).

The Parkers' have not proven that Wal-Mart withheld the relevant guidelines.  After the Parkers moved to supplement the record with the 2003 Guidelines, Wal-Mart notified the Parkers that the 2004 Guidelines were, consistent with the Parkers' discovery request, the guidelines in force at the time of Mrs. Parker's injury.  At no stage of litigation did Wal-Mart argue that the guidelines from which the Parkers' expert concluded Wal-Mart had violated its standard of care were not applicable at the time of the accident.  Wal-Mart ought not be penalized for the Parkers' supposition, without further investigation, that the produced guidelines did not comply with the discovery request.

The fact that Wal-Mart also sought to rectify any faulty production to the Parkers also militates against finding misconduct on its part.  *See id.*, 573 F.2d at 1342 (finding misconduct, in part, because counsel did not make efforts to rectify incorrect interrogatory answers upon discovery of requested documents).

### 2. Full and Fair Presentation

As a final matter, the Parkers have not proven that Wal-Mart's failure to produce the 2003 Guidelines prevented them from fully and fairly presenting

7

No. 10-60236

their case.  The Parkers argue that they were prejudiced by Wal-Mart's failure to produce the 2003 Guidelines because they were unable to argue that Wal-Mart had violated its internal safety policies at the time of Mrs. Parker's injury. *See Rozier*, 573 F.2d at 1342 ("Inevitably, information developed in the discovery stages of the case influenced the decision as to which theories would be emphasized at trial.").  We disagree.

The 2003 and 2004 Guidelines contain identical language regarding curb maintenance.  Based on that language, derived from the 2004 Guidelines, the Parkers developed expert testimony on Wal-Mart's standard of care and breach of that standard of care.  The Parkers supported their opposition to Wal-Mart's motion for summary judgment with an expert affidavit concluding Wal-Mart breached its standard of care based on those same guidelines, which the Parkers now contend were not applicable at the time of the accident.  Finally, the Parkers directed this court, after withdrawing their motion to supplement the record when appealing the district court's grant of summary judgment, to treat the 2004 Guidelines as evidence of Wal-Mart's negligence.  Wal-Mart's production of the 2004 Guidelines clearly did not make "a difference in the way [the Parkers'] counsel approached the case or prepared for trial."  *Id.* (citation and internal quotation marks omitted).  The district court did not abuse its discretion in denying the Parker's Rule 60(b)(3) motion.

### III.  Conclusion

For the above reasons, we AFFIRM.