[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-11672

Non-Argument Calendar

_____

MIKEADA EFFS,
an individual,

                                                        Plaintiff-Appellant,

versus

CITY OF MIAMI,
a Florida municipality,

                                                        Defendant,

ALEXI FIGUEROA,
individually and as a former police officer

2                    Opinion of the Court                    21-11672

of the City of Miami Police Department,

                                                Defendant-Appellee,

CITY OF MIAMI POLICE DEPARTMENT,
an administrative subdivision of the City of Miami,

                                                        Defendant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:20-cv-20712-JLK

_____

Before WILSON, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

    Mikeada Effs sued the City of Miami and former police of-
ficer Alexi Figueroa pursuant to 42 U.S.C. § 1983 and the Florida
Civil Rights Act, alleging that Figueroa had sexually assaulted and
falsely imprisoned her in his patrol car while he was working for
the City of Miami Police Department.  The district court ultimately
dismissed Effs's claims against the City for failure to state a claim,
and it dismissed her claims against Figueroa with prejudice for

failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b). Effs appeals the dismissal of her claims against Figueroa and the denial of her motion to vacate the dismissal.[1] After a thorough review of the record, we hold that the district court abused its discretion by dismissing Effs's complaint with prejudice, and we therefore vacate the judgment of dismissal and remand for further proceedings consistent with this opinion.

## I.

Effs filed her complaint in the circuit court for Miami-Dade County, Florida, in January 2020, just before the four-year statute of limitations expired. *See Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003) (Florida's four-year statute of limitations applies to § 1983 cases filed in federal court in Florida). She served the state-court summons and complaint on the City, which promptly

---

[1] Effs's notice of appeal refers only to the order denying her motion to vacate the dismissal pursuant to Rule 60(b). But after considering her notice of appeal and the parties' appeal briefs—in which both parties argue the merits of the dismissal—together, Effs's intent to appeal both the dismissal of her complaint and the denial of her subsequent motion is clear. We therefore treat the notice of appeal "as an effective, though inept, attempt to appeal from the judgment sought to be vacated." *Foman v. Davis*, 371 U.S. 178, 181 (1962); *see Nichols v. Alabama State Bar*, 815 F.3d 726, 731 (11th Cir. 2016). Effs's Rule 60(b) motion tolled the time for appealing the dismissal because she filed it within 28 days of that order. Fed. R. App. P. 4(a)(4)(A)(vi). Her notice of appeal, filed within 30 days after the order denying her Rule 60(b) motion, was therefore timely to appeal the judgment of dismissal. *Id.*; Fed. R. App. P. 4(a)(1)(A).

removed the case to federal court. Effs also made multiple attempts to serve Figueroa but was initially unable to do so.

Meanwhile, Effs's counsel struggled to keep her case alive in federal court. After giving Effs one chance to amend her complaint, the district court granted the City's motion and dismissed her claims against the City with prejudice for failure to state a claim. It also set two deadlines related to service on Figueroa, warning Effs each time that failure to comply with the deadline could result in dismissal of her claims against Figueroa too.

First, in April 2020, the court directed Effs to provide notice within 30 days whether she had perfected service on Figueroa. Effs failed to serve Figueroa or file the required notice within the time provided.

Several months later, in its order dismissing Effs's claims against the City with prejudice, the court noted that Effs had not responded to its prior order and apparently still had not served Figueroa. The court pointed out that this delinquency ordinarily could result in a dismissal for failure to prosecute under Rule 41(b), but it decided to give Effs one more chance to perfect service on Figueroa in light of the gravity of her allegations and the logistical challenges that could arise during the COVID-19 pandemic. It warned her, however, that her remaining claims would be dismissed on November 1, 2020, if she had not submitted proof of service on Figueroa by that date.

Effs did not perfect service on Figueroa by the court's November 1 deadline, but the court did not dismiss her action as it had warned her it would do. Her claims against Figueroa were still pending, therefore, when Effs's investigator found Figueroa at his cousin's house and managed to serve him with the state-court summons and complaint—despite Figueroa's attempts to evade service by running into the house and trying to close the garage door in the investigator's face—on November 28, 2020, just over ten months after Effs filed suit and more than eight months after the City removed the lawsuit to federal court.

A few weeks later, Figueroa filed a pro se motion to dismiss Effs's complaint for insufficient service of process. He argued that the complaint should be dismissed with prejudice because Effs failed to comply with either of the court's deadlines for serving him, and that the November 28 service was invalid because the investigator threw the complaint at him through the open garage door rather than handing it to him and because he was served with the outdated state-court summons and complaint rather than the amended complaint filed in federal court.

The district court denied Figueroa's motion to dismiss. It found that the November 28 service was proper and ordered Figueroa to file a responsive pleading within 20 days.

Instead, Figueroa filed a renewed motion to dismiss, this time through counsel, raising the same issues as before and adding additional arguments that (1) the court's order warning Effs that it would dismiss her complaint if she did not file proof of service on

Figueroa by November 1 was self-executing, so that the court lost jurisdiction over the case when Effs did not meet the deadline; (2) the state-court summons served on Figueroa had "expired" before it was served; (3) Effs's complaint was an improper "shotgun" pleading; and (4) the complaint failed to state a claim against Figueroa.

This time, the district court granted Figueroa's motion and dismissed Effs's complaint for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). The court focused primarily on the delay in serving Figueroa, pointing out that Effs had failed to provide proof of service until December 2020—nearly 11 months after the case was filed and well beyond the 90-day deadline for service under the federal rules—despite the court's orders directing her to file notice of service earlier. The court also noted that Effs's response to Figueroa's counseled motion to dismiss had been filed one day late, and that, almost a year earlier, Effs had failed to respond to the City's first motion to dismiss. The court did not address Figueroa's new jurisdictional argument or his arguments about the form and substance of the complaint. Notably, the court did not alter its prior finding that the November 28 service on Figueroa was proper, and it acknowledged that it had implicitly also found that Effs had demonstrated good cause for her failure to serve Figueroa earlier.

Effs moved to vacate the dismissal under Federal Rule of Civil Procedure 60(b)(1). She pointed out that the district court had previously found that good cause existed for the delay in serving

Figueroa, and she argued that the one-day delay in filing her response to Figueroa's second motion to dismiss was due to excusable neglect. She explained that counsel had instructed her paralegal, who was working remotely from Spain during the pandemic, to file the response before the deadline. When the paralegal did not immediately respond, counsel followed up with a second email and received confirmation from the paralegal on the day the filing was due. But despite confirming that he had received the instruction and would file the brief on time, the paralegal filed the response one day late for reasons unknown to counsel.

The district court denied Effs's motion to vacate the dismissal without explanation. Effs now appeals.

## II.

### A.

We review a district court's dismissal pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for abuse of discretion. *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005). Under Rule 41(b), a defendant may move to dismiss an action or claim against it if the plaintiff fails to prosecute or to comply with the Rules or a court order. Fed. R. Civ. P. 41(b). Dismissal under this rule is with prejudice unless the order states otherwise or the dismissal is for lack of jurisdiction, venue, or failure to join a party under Rule 19. *Id.*

A "dismissal *with prejudice*, whether on motion or *sua sponte*, is an extreme sanction that may be properly imposed *only*

when: (1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice." *Betty K Agencies*, 432 F.3d at 1337–38 (emphasis in the original) (citation and quotation marks omitted). "A finding of such extreme circumstances necessary to support the sanction of dismissal must, at a minimum, be based on evidence of willful delay; simple negligence does not warrant dismissal." *McKelvey v. AT & T Technologies, Inc.*, 789 F.2d 1518, 1520 (11th Cir.1986); *see also In re Se. Banking Corp.,* 204 F.3d 1322, 1332 (11th Cir. 2000) (violations of an order "caused by simple negligence, misunderstanding, or inability to comply" do not constitute "willfulness").

After careful consideration, we conclude that the district court abused its discretion by dismissing Effs's complaint with prejudice under Rule 41(b).[2] The district court implicitly found that Effs's long delay in serving Figueroa and filing proof of service, despite the court's deadlines and warnings, was willful. But that finding is inconsistent with the court's previous conclusion that good cause existed for the delay. The court never reconsidered that conclusion—to the contrary, it acknowledged in its dismissal order

---

[2] We note that because the applicable statute of limitations had passed, a dismissal without prejudice would have barred Effs from refiling her complaint and thus would have been "tantamount to a dismissal with prejudice, a drastic remedy to be used only in those situations where a lesser sanction would not better serve the interests of justice." *Mickles v. Country Club Inc.*, 887 F.3d 1270, 1280 (11th Cir. 2018) (citation omitted).

21-11672                Opinion of the Court                9

that it had found good cause for the delay in service and that Rule 4 required it to extend the time for service where good cause was shown. *See* Fed. R. Civ. P. 4(m). And although Effs's counsel never explained her failure to provide notice of the status of service on Figueroa in compliance with the court's first deadline, her later filings indicate that the failure may have been based on a misreading of the order. In any event, the court previously considered that lapse, which it attributed partly to logistical complications associated with the COVID-19 pandemic, and it determined that dismissal was not warranted on that ground.

The district court also relied on two other (apparently inadvertent) errors of counsel: the failure to respond to the City's first motion to dismiss, filed immediately after the case was removed to federal court, and the one-day-late response to Figueroa's renewed motion to dismiss, filed a year later. This kind of error, while sloppy, generally does not justify the extreme sanction of dismissal with prejudice. *McKelvey*, 789 F.2d at 1520. Moreover, dismissal "is generally inappropriate and lesser sanctions are favored where neglect is plainly attributable to an attorney rather than to his blameless client." *Silas v. Sears, Roebuck & Co.*, 586 F.2d 382, 385 (5th Cir. 1978);[3] *see Betty K Agencies*, 432 F.3d at 1338 ("the harsh sanction of dismissal with prejudice is thought to be more

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

appropriate in a case where a party, as distinct from counsel, is culpable"). Under the circumstances here, therefore, the "draconian remedy of a dismissal with prejudice" was not justified. *Betty K Agencies*, 432 F.3d at 1339.

## B.

Figueroa argues that even if the district court abused its discretion by dismissing Effs's complaint with prejudice for failure to prosecute, we should affirm the dismissal on one of two alternate grounds. First, he contends that the district court's order warning that Effs's claims would be dismissed if she did not file proof of service on Figueroa by a certain date was "self-executing," and that the district court therefore lost jurisdiction to do anything but dismiss the lawsuit when Effs did not file proof of service by the deadline.

This argument fails on its initial premise—the district court's order did not contain self-executing language. The order warned that "Plaintiff's claims against Defendant Alexi Figueroa **will be dismissed** on November 1, 2020 unless Plaintiff furnishes some evidence—on or before this date—that Figueroa has been served with process in this action." (emphasis in the original). The order did not state that it was self-executing, direct the clerk to enter a dismissal if the deadline was not met, or otherwise provide for the automatic dismissal of the action without further order of the court.

Second, Figueroa argues that the complaint was subject to dismissal due to a defect in process. Specifically, he contends that the state-court summons served on him had "expired" under Florida Rule of Civil Procedure 1.070(j) by the time it was served and therefore had no legal effect.

We reject this argument for several reasons. As an initial matter, once a case is removed to federal court, federal law governs matters of procedure related to personal jurisdiction and service of process. *Reynolds v. Behrman Cap. IV L.P.*, 988 F.3d 1314, 1323 (11th Cir.), *cert. denied*, 142 S. Ct. 239 (2021); *see* 28 U.S.C. § 1448; Fed. R. Civ. P. 81(c). The federal rule governing the time for service does not provide for the "expiration" of a summons, but states that if a defendant is not served within 90 days after the complaint is filed, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). That is the procedure that the district court followed here, first setting a deadline for service on Figueroa and then finding good cause for delay and retroactively extending the time for service.

In any event, to the extent that the applicable Florida rule affects the viability of the state-court summons as a legal document, that rule does not provide for the automatic expiration of a summons either. *See* Fla. R. Civ. P. 1.070 (j). Like the federal rule, Florida's rule sets a time limit for service of process—120 days after

filing the complaint—and provides that if service is not made within that time period, the court "shall direct that service be effected within a specified time or shall dismiss the action without prejudice or drop that defendant as a party; provided that if the plaintiff shows good cause or excusable neglect for the failure, the court shall extend the time for service for an appropriate period." *Id.*

Because the mere passage of time did not affect the viability of the summons served on Figueroa, the date that the summons was issued was not a defect in the process that deprived the district court of jurisdiction. We reject Figueroa's jurisdictional argument on the additional ground that he waived any objection to personal jurisdiction by failing to raise the issue in his first motion to dismiss. *See* Fed. R. Civ. P. 12(h); *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003) ("objections to personal jurisdiction (unlike subject matter jurisdiction) are generally waivable"). Although Figueroa challenged the sufficiency of service of process under Rule 12(b)(5), "a litigant must cite each separate Rule 12(b) defense in the pre-answer motion or if no pre-answer motion is filed, then in the responsive pleading. Citing one Rule 12(b) defense in the hope that it will sufficiently raise another defense is not permissible." *Hemispherx Biopharma, Inc. v. Johannesburg Consol. Invs.*, 553 F.3d 1351, 1360 (11th Cir. 2008); *see also Innovation Ventures, LLC v. Custom Nutrition Lab'ys, LLC*, 912 F.3d 316, 333 (6th Cir. 2018) ("if a defendant makes a motion under Rule 12(b)(2) to (5) but does not raise lack of personal jurisdiction, any objection is

waived by operation of Rule 12(h)(1)"); *American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1108 (9th Cir. 2000) (defendant waived objection to personal jurisdiction when he only raised improper service of process in his first filing).

★     ★     ★

We understand and appreciate the district court's frustration with Effs's counsel, whose neglect or ineptitude nearly—and may yet—cost Effs her day in court.  We caution counsel that if the district court had not found that good cause existed for the delay in serving Figueroa, its dismissal under Rule 41(b) for counsel's failure to comply with two court orders regarding service would have been well within its discretion.  "District courts have unquestionable authority to control their own dockets," and counsel should not expect the district court to tolerate late filings and missed deadlines. *Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014).  Although we conclude that the extreme sanction of dismissal with prejudice or its equivalent was not warranted under the circumstances here, the district court may of course consider on remand whether to impose some lesser penalty.

For the foregoing reasons, the February 26, 2021, judgment of the district court dismissing Effs's complaint and closing the action is vacated and the case is remanded for further proceedings consistent with this opinion.  Because we conclude that the district court's order dismissing Effs's complaint must be vacated, we need not address her arguments regarding the denial of her Rule 60(b) motion.

14                          Opinion of the Court                      21-11672

**VACATED AND REMANDED.**